UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RODRICK J. SILAS,** | **1:17-cv-00703-LJO-JLT** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING INTERVENOR DEEFENDANT'S MOTION TO DISMISS AND MOTION TO EXPUNGE LIS PENDENS** |
| **v.** | |
| **ARGENT MORTGAGE COMPANY, LLC ITS SUCCESSORS AND/OR ASSIGNS; and DOES 1-25, Inclusive,** | |
| **Defendants.** | **(ECF Nos. 4, 5, 6, 13)** |

## I. INTRODUCTION

*Pro se* Plaintiff Rodrick Silas ("Plaintiff" or "Silas") brings this action against Defendant Argent Mortgage Company, LLC, Its Successors And/Or Assigns ("Argent") and Does 1 through 50, and intervenor Defendant US Bank ("US Bank" or "Intervenor Defendant"). Plaintiff alleges violations of the Federal Truth in Lending Act ("TILA"), and brings causes of action for quiet title, cancellation of instrument, and declaratory relief related to real property at 5914 Summer Country Drive, Bakersfield, CA 93313 ("Subject Property").

This action stems from Plaintiff's unsuccessful attempts to halt foreclosure on the Subject Property. Now before the Court is Intervenor Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6) (ECF No. 4), Intervenor Defendant's Motion to Expunge Lis Pendens (ECF No. 5), and Plaintiff's motion for remand (ECF No. 13). Venue is proper in this Court and this

1

1   matter is suitable for disposition without oral argument. *See* Local Rule 230(g).

2                                        II. **BACKGROUND**

3            1.      **Plaintiff's Loan**

4            On August 8, 2006, Plaintiff executed a promissory note, in favor of Argent Mortgage, secured

5    by the Subject Property through a Deed of Trust recorded on August 16, 2006. (FAC Ex. A.) On August

6    14, 2012, an Assignment of Deed of Trust was recorded indicating that Argent assigned all beneficial

7    interest under the Deed of Trust to US Bank. (FAC Ex. B.) A Notice of Default and Election to Sell

8    Under Deed of Trust was recorded the same day, as Plaintiff was $55,987.58 in arrears at the time.

9    (Request for Judicial Notice ("RJN") Ex. 1.)[1] On December 7, 2012, National Default Servicing

10   Corporation was substituted in as Trustee. (RJN Ex. 2.) On December 21, 2012, a Notice of Trustee's

11   Sale was recorded. (RJN Ex. 3.)

12           2.      **Initial State Court Action and Rescission**

13           On April 1, 2014, Plaintiff filed a complaint for quiet title and wrongful foreclosure against US

14   Bank in Kern County Superior Court ("Initial State Court Action"). (RJN Ex. 4.) In an amended

15   complaint in the same action, Plaintiff alleged that US Bank had no ownership interest in Plaintiff's

16   loan, that the Note and Deed of Trust had been separated, that the security instrument was not assigned

17   to the Trust or pool prior to its closing date, and that the substitution of trustee was invalid under Civil

18   Code § 2934(a)(1)(A). (RJN Ex. 5.) Plaintiff requested quiet title, cancellation of the recorded

19   Assignment of Deed of Trust, and a judicial declaration that title was vested in Plaintiff. (*Id.*)

20           On February 25, 2015, US Bank filed a demurrer on the grounds that the amended complaint

21   failed to state a claim for relief, arguing that the assignment was valid under state law and that the loan

22   had been properly transferred to US Bank. (RJN Ex. 6.) The state court sustained US Bank's demurrer

23   without leave to amend and entered judgment of dismissal with prejudice in favor of US Bank in April

24   _____

25   [1] For the Court's discussion of Intervenor Defendant's request for judicial notice, *see infra*, at 7-9.

26                                              2

1   of 2015. (RJN Exs. 7-9.)

2          On July 6, 2015, Plaintiff allegedly mailed a Notice of Rescission to the loan servicer, Select

3   Portfolio Servicing, Inc. ("SPS"). (ECF No. 1 at 21.)

4          **3.      Initiation of the Instant Action**

5          Plaintiff filed a complaint in the instant action on October 9, 2015, in the Kern County Superior

6   Court against Argent, the original lender, regarding the subject property ("Instant Action"). (ECF No. 1

7   at 5 (Docket).) Plaintiff's January 7, 2016 amended complaint alleged violations of TILA, and requested

8   quiet title, cancellation of instruments, and declaratory relief. (First Amended Complaint ("FAC").)

9   Plaintiff recorded a Notice of Pendency of Action related to the Instant Action on March 18, 2016. (RJN

10  Ex. 10.)

11         **4.      Federal Court Action and Foreclosure Sale**

12         A Notice of Trustee's Sale was recorded on December 16, 2016, setting a sale date of January

13  11, 2017. (RJN Ex. 11.) On January 4, 2017, Plaintiff filed a complaint in this district against SPS and

14  US Bank ("Federal Court Action"). The case was assigned to Judge Drodz, who denied Plaintiff's

15  motion for a temporary restraining order halting the foreclosure sale. (RJN Ex. 13.) A foreclosure sale

16  occurred on January 11, 2017, and the subject property reverted to the US Bank as evidenced by a

17  recorded Trustee's Deed Upon Sale. (RJN Ex. 14.)

18         In its amended complaint in the Federal Court Action, Plaintiff alleged violations of TILA,

19  rescission of mortgage under TILA, declaratory relief, quiet title, and cancellation of instruments. (RJN

20  Ex. 15.) On March 17, 2017, SPS and US Bank filed a motion to dismiss the Federal Court Action (RJN

21  Ex. 16.) On May 19, 2017, the court filed an order granting the motion to dismiss, concluding that the

22  majority of Plaintiff's claims were barred by *res judicata* and that Plaintiff's TILA claims were time-

23  barred. (RJN Ex. 17.) *Silas v. Select Portfolio Servicing, Inc.*, No. 1:17-CV-00012-DAD-JLT, 2017 WL

24  2214937, at *4 (E.D. Cal. May 19, 2017) ("*Silas I*"). In its decision, the Court held that Plaintiff's non-

25  TILA claims were barred by claim preclusion because the claims related to the same primary right

26                                                      3

1    previously litigated to final judgment in the Initial State Court Action. *Id* at *4-5. With respect to

2    Plaintiff's TILA claims, the Court held that they were time-barred since rescission was only available

3    for three years after consummation of the loan agreement and the time limit was not subject to equitable

4    tolling. *Id.* at 5-6. A judgment of dismissal was entered the same day. (RJN Ex. 18.)

5         **5.    US Bank's Intervention in and Removal of the Instant Action**

6         While the motion to dismiss the Federal Court Action was pending, US Bank moved to intervene

7    in the Instant Action on March 29, 2016. (ECF No. 1 at 178.) The motion to intervene was granted by

8    the state court on May 12, 2017. (ECF No. 1 at 2.) On May 18, 2017, one day after the district court

9    dismissed the Federal Court Action, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1441

10   and the case was removed to this Court. (ECF No. 1.)

11        On May 25, 2017, Intervenor Defendant filed a motion to dismiss the Instant Action for lack of

12   jurisdiction and a motion to expunge lis pendens. (ECF Nos. 4, 5.) Intervenor Defendant also filed a

13   simultaneous request for judicial notice. (ECF. No. 6.) On June 9, 2017, Plaintiff filed an opposition to

14   Defendant's motion to dismiss (ECF No. 8), motion to expunge lis pendens (ECF No. 7) and request for

15   judicial notice (ECF No. 9). Intervenor Defendant filed replies to all three motions on June 15, 2017.

16   (ECF Nos. 10, 11, 12.)

17        On June 15, 2017, Plaintiff filed a motion for remand. (ECF No. 13). Intervenor Defendant

18   opposed the motion. (ECF No. 16.) To date, Plaintiff has not submitted a reply. All pending motions are

19   ripe for review.

20             **III. MOTION FOR REMAND**

21        Because "determination of the remand issue will facilitate litigation in the appropriate forum,"

22   and because "judicial economy will be best served by addressing the remand issue," the Court first

23   considers the motion for remand. *Smith v. Mail Boxes, Etc.*, 191 F. Supp. 2d 1155, 1157 (E.D. Cal.

24   2002) (internal quotation marks and citations omitted). A state-court defendant may remove a case from

25   state to federal court if the federal courts would have original jurisdiction over the case. 28 U.S.C. §

26                                4

1441(a). To accomplish this task, the removing defendant files a notice of removal in the federal district court in the district and division within which the state court action was pending. 28 U.S.C. § 1446(a). The notice must contain "a short and plain statement of the grounds for removal"—in this case relying on this Court's federal question jurisdiction over Plaintiff's TILA claims, *see* 28 U.S.C. § 1331, together with a copy of "all process, pleadings, and orders" served previously on the removing defendant. 28 U.S.C. § 1446(a). The plaintiff may then challenge the removal on the basis that the requirements for subject-matter jurisdiction have not been met.

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. To invoke federal question jurisdiction, a complaint must establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008).

Plaintiff does not contest that this Court has subject matter jurisdiction over his TILA claims. Rather, Plaintiff contends that remand is proper because (1) Intervenor Defendant's removal was not timely, and (2) Intervenor Defendant does not have standing to remove the case. Plaintiff's argument is flawed on both counts. (ECF No. 13.)

First, Plaintiff argues that the thirty-day window for Intervenor Defendant to remove the case did not run from the order granting intervention, but rather from the time when defendant was served with the summons and complaint. Plaintiff notes that Intervenor Defendant was not ever served with the summons and complaint. (ECF No. 13 at 6.)

Section 1446(b)(1) provides: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

5

1    pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Where

2    multiple defendants are served with the complaint at different times, the Ninth Circuit has held that

3    "each defendant is entitled to thirty days to exercise his removal rights after being served." *Destfino v.*

4    *Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ("There is no reason to lock an earlier-served defendant out

5    of the federal forum, if he later chooses to consent."). In other words, a later-served defendant may, with

6    consent of an earlier served defendant, remove a case to federal court even if the earlier served

7    defendant has missed the thirty-day window to do so. *Id.* (concluding that the later-served rule prevents

8    "binding later-served defendants to decisions made before they were joined").

9         "Intervenors may file notices of removal if they are properly aligned as defendants . . . ." 14C

10   Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3730 (4th online ed. 2014).

11   Intervenor Defendant became "properly aligned" as a defendant when the Kern County Superior Court

12   granted their motion to intervene on May 12, 2017. *See Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 733

13   (9th Cir. 1991) (30-day period began to run when intervenor was made a party to the case); *Tucker v.*

14   *Equifirst Corp.*, 57 F. Supp. 3d 1347, 1349 (S.D. Ala. 2014) ("Once its motion to intervene was granted,

15   U.S. Bank was properly aligned as a defendant to the original complaint. . . . Thus, if the case was then

16   removable, the 30–day period began to run when the motion to intervene was granted."). Intervenor

17   Defendant's thirty-day window to remove began to run when the state court granted its motion to

18   intervene on May 12, 2017. Intervenor Defendant removed this case within thirty days of becoming a

19   defendant in the case, on May 25, 2017. Defendant Argent, the only other named defendant in the

20   action, consented to the filing of the notice of removal. (ECF No. 1 at 2.) Therefore, removal of this case

21   to federal court was timely.

22        Second, Plaintiff contends that Intervenor Defendant lacks standing to remove the case because

23   US Bank is a "debt collector" within the meaning of the Fair Debt Collections Practices Act ("FDCPA")

24   and therefore has no pecuniary or equitable interest in the alleged debt obligation on Plaintiff's property.

25   (ECF No. 13 at 7-8.) Plaintiff also appears to question the state court's decision to allow US Bank to

26                                                                6

1   intervene, arguing that they have no "direct or immediate interest in the action." (ECF No. 13 at 9.) As

2   Intervenor Defendant points out in its opposition, US Bank is not a debt collector within the meaning of

3   the FDCPA. ECF No. 16 at 2. As the Supreme Court recently concluded in a case concerning an entity

4   that purchased loans in default for its own account, "[i]ndividuals and entities who regularly purchase

5   debts originated by someone else and then seek to collect those debts for their own account are not 'debt

6   collectors' subject to the FDCPA." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017).

7   US Bank was likewise assigned all beneficial interest in the subject property under the Deed of Trust on

8   August 14, 2012. US Bank owned the loan which was secured by the property, and it now owns the

9   property after the non-judicial foreclosure sale. US Bank is not a debt collector within the meaning of

10  the FDCPA.

11          Moreover, as the purchaser of Plaintiff's mortgage debt, which is the subject of Plaintiff's

12  Complaint, Intervenor Defendant is a real party in interest with standing to remove this case. The state

13  court properly granted US Bank's motion to intervene because US Bank clearly has an "interest relating

14  to the property or transaction which is the subject of the action." California Code of Civil Procedure §

15  387(b).

16          This action contains a claim arising under the laws of the United States, 28 U.S.C. § 1331, and

17  this Court has supplemental jurisdiction over Plaintiff's related state law claims, 28 U.S.C. § 1367. The

18  removal was timely and Intervenor Defendant had standing to remove the case. Therefore, Plaintiff's

19  motion to remand the case is DENIED.

20                      **IV. <u>REQUEST FOR JUDICIAL NOTICE</u>**

21          In its request for judicial notice in connection with its motion to dismiss, Intervenor Defendant

22  asks the Court to take judicial notice of various recorded documents related to the Subject Property,

23  including the Notice of Default and Election to Sell Under Deed of Trust, Substitution of Trustee, Notice

24  of Trustee's Sale, and Notice of Pendency of Action on the subject property, as well as a number of

25  court filings in Initial State Court Action, Federal Court Action, and Instant Action. (ECF No. 6 at 2-4.)

26                                          7

1   Under Federal Rule of Evidence 201, the court may take judicial notice of "a fact that is not

2   subject to reasonable dispute because it can be accurately and readily determined from sources whose

3   accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In addition, the Court also may take

4   judicial notice of material incorporated by reference into the complaint without converting the motion to

5   dismiss into a motion for summary judgment. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th

6   Cir. 2010); *Intri–Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Documents

7   are incorporated into the complaint by reference "in situations where the complaint necessarily relies

8   upon a document or the contents of the document are alleged in a complaint, the document's authenticity

9   is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement*, 593

10  F.3d at 1038; *see also United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

11   The recorded documents related to the Subject Property are copies of official public records filed

12  with the Kern County Recorder's Office. (ECF No. 6 at 2.) These documents are part of the public

13  record and easily verifiable. *Castillo-Villagra v. INS*, 972 F.2d 1017, 1026 (9th Cir. 1992). Courts

14  regularly consider recorded documents related to a foreclosure sale on a motion to dismiss. *See, e.g.*,

15  *Gamboa v. Trustee Corps & Cent Mtg. Loan Serv. Co.*, No 09-0007, (N.D. Cal. Mar. 12, 2009); *Dodd v.*

16  *Fed. Home Loan Mortg. Corp.*, No. CIV S-11-1603 JAM, 2011 WL 6370032, at *1 (E.D. Cal. Dec. 19,

17  2011); *Lazo v. Summit Mgmt. Co., LLC*, No. 1:13-CV-02015-AWI-JL, 2014 WL 3362289, at *5 (E.D.

18  Cal. July 9, 2014), *report and recommendation adopted*, No. 1:13-CV-02015-AWI-JL, 2014 WL

19  3689695 (E.D. Cal. July 24, 2014). The Court takes judicial notice of Exhibits 1-3, 10-11, and 14 to

20  Defendant's request for judicial notice. (ECF No. 6, Exs. 1-3, 10-11 &14.)

21   Plaintiff argues that this Court cannot consider the Deed of Trust and Assignment of Deed of

22  Trust (although Intervenor Defendant did not request that the Court take judicial notice of them). Those

23  documents are attached to Plaintiff's own Complaint as Exhibits A and B, and therefore the Court may

24  consider them. *Coto Settlement*, 593 F.3d at 1038.

25   With respect to the court records involving the same parties in state and federal court, it is wholly

26   8

1  appropriate for the court to consider these filings for the purpose of determining whether Plaintiff's

2  claims are barred by *res judicata*. A court may take judicial notice of its own files and of documents

3  filed in other courts. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir.

4  2006) (taking judicial notice of court filings to determine what issues were actually litigated in prior

5  action for purposes of issue preclusion); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking

6  judicial notice of state court decision and related filed briefs for purposes of determining prior

7  judgment's preclusive effect); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d

8  1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same

9  plaintiff asserted similar and related claims); *Hott v. City of San Jose*, 92 F. Supp. 2d 996, 998 (N.D.

10  Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases). "[C]ourts

11  routinely take judicial notice of documents filed in other courts . . . to establish the fact of such litigation

12  and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (citations omitted).

13  "The existence and content of opinions and pleadings are matters capable of accurate and ready

14  determination by resort to official court files that cannot reasonably be questioned." *Bogart v.*

15  *Daley*, No. CV 00-101-BR, 2001 WL 34045761, at *2 (D. Or. June 28, 2001) (citing Fed. R. Evid.

16  201(b)(2)).

17        Here, Defendant's motion hinges in part on whether the claims that Plaintiff brings have already

18  been litigated. The Court must consider the court filings in the previous actions involving these parties

19  to determine whether Plaintiff's claims in the Instant Action are barred by *res judicata*. Therefore, the

20  Court takes judicial notice of Exhibits 4-9, 12-13, and 15-18 to Defendant's request for judicial notice.

21  (ECF No. 6, Exs. 4-9, 12-13, and 15-18.) In his opposition, Plaintiff expresses concerns that the court

22  records proposed for judicial notice contain disputed statements and inadmissible hearsay. (ECF No. 9.)

23  However, the Court takes judicial notice of these documents for the purpose of ascertaining whether the

24  claims asserted here are precluded. The Court does not rely on these documents for the truth of disputed

25  factual matters. *Holder*, 305 F.3d at 866.

26

1

### V. <u>MOTION TO DISMISS</u>

2

   Intervenor Defendant moves for dismissal pursuant to Rule 12(b)(6) for failure to state a claim

3

and pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction over Plaintiff's TILA claim.

4

Intervenor Defendant argues that Plaintiff's claims are barred by *res judicata*, that his TILA claims are

5

time-barred, and that Plaintiff otherwise fails to state a claim upon which relief can be granted.

6

**A.      <u>Standard of Decision: Rule 12(b)(6)</u>**

7

   A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the

8

sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

9

2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the

10

absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police*

11

*Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which

12

relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading

13

in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's

14

favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

15

   Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that

16

the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and

17

the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is

18

required to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* "A claim has

19

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

20

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

21

(2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

22

sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

23

   While Rule 8(a) does not require detailed factual allegations, "it demands more than an

24

unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is

25

insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a

26

1   cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the

2   elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it

3   is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants

4   have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal.,*

5   *Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must

6   contain either direct or inferential allegations respecting all the material elements necessary to sustain

7   recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must

8   describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim.

9          "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by

10  amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the

11  pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to

12  amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir.

13  1990) (citations omitted).

14  **B.     <u>Standard of Decision: Rule 12(b)(1)</u>**

15         Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject-

16  matter jurisdiction." Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the

17  existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir.

18  1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary

19  affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981).

20  A challenge to subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242

21  (9th Cir. 2000). As explained in *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004):

22              In a facial attack, the challenger asserts that the allegations contained in a
            complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a
23          factual attack, the challenger disputes the truth of the allegations that, by themselves,
            would otherwise invoke federal jurisdiction.

24

25         The present motion is a facial attack, because Intervenor Defendant "contends that the

26                                                    11

1    allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the

2    existence of jurisdiction." *Beco Dairy Automation, Inc. v. Global Tech Sys., Inc.*, 104 F. Supp. 3d

3    1023, 1031 (E.D. Cal. 2015) (internal citation and quotation omitted). In a facial attack, "the plaintiff is

4    entitled to safeguards similar to those applicable when a 12(b)(6) motion is made." *Id.* "The factual

5    allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails

6    to allege an element necessary for subject matter jurisdiction." *Id.*; *see also Cassirer v. Kingdom of*

7    *Spain*, 580 F.3d 1048, 1052 n.2 (9th Cir. 2009) (applying *Ashcroft v. Iqbal*, 556 U.S. 662 (2009),

8    standard to a facial motion to dismiss for lack of subject matter jurisdiction), *rev'd on other*

9    *grounds*, 616 F.3d 1019 (9th Cir. 2010) (en banc); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir.

10   2004) ("[I]n reviewing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, we take the allegations

11   in the plaintiff's complaint as true.").

12   **C.**    **Analysis**

13       **1.    Plaintiff's Causes of Action for Quiet Title, Cancellation of Instruments, and
            Declaratory Relief Are Barred by Claim Preclusion**

14

15       Intervenor Defendant argues that Plaintiff's claims are barred by *res judicata*, or claim

16   preclusion, and collateral estoppel, or issue preclusion. (ECF No. 4 at 5.) Plaintiff counters that the

17   claims are not barred because US Bank was not a party to the original loan contract, but does not

18   substantively address Intervenor Defendant's arguments regarding claim preclusion. (ECF No. 8 at 9-

19   10.)

20       The state court's judgment in the Initial State Court Action is entitled to "full faith and

21   credit," *see* 28 U.S.C. § 1728, which requires this Court to give it the same preclusive effect it would

22   have in another California state court. The Court applies California law to determine whether that

23   judgment precludes Plaintiff's claims. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S.

24   373, 380 (1985); *Diruzza v. Cnty. of Tehama*, 323 F.3d 1147, 1152 (9th Cir. 2003).

25       *Res judicata* "precludes parties or their privies from relitigating a cause of action that has been

26

1    finally determined by a court of competent jurisdiction." *Rice v. Crow*, 81 Cal. App. 4th 725, 734

2    (2000). Under California law, *res judicata* applies where the party to be affected, or some other with

3    whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action

4    in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and

5    vexation of his opponent. *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App.

6    4th 1053, 1065 (1998). The elements necessary to establish *res judicata* therefore are: "(1) the decision

7    in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of

8    action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with

9    them were parties to the prior proceeding." *Villacres v. ABM Indus., Inc.*, 189 Cal. App. 4th 562, 577

10   (2010).

11   Under California law, collateral estoppel, otherwise known as issue preclusion, provides "that

12   when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot

13   again be litigated between the same parties in any future lawsuit." *People v. Santamaria*, 8 Cal. 4th 903,

14   930 (1994). As the California Supreme Court has explained, five factors must be satisfied for collateral

15   estoppel to apply:

16       First, the issue sought to be precluded from relitigation must be identical to that decided
     in a former proceeding. Second, this issue must have been actually litigated in the former

17       proceeding. Third, it must have been necessarily decided in the former proceeding.
     Fourth, the decision in the former proceeding must be final and on the merits. Finally, the

18       party against whom preclusion is sought must be the same as, or in privity with, the party
     to the former proceeding.

19

20   *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990) (citations omitted). Further,

21       the public policies underlying collateral estoppel—preservation of the integrity of the
     judicial system, promotion of judicial economy, and protection of litigants from

22       harassment by vexatious litigation—strongly influence whether its application in a
     particular circumstance would be fair to the parties and constitute sound judicial policy.

23

24   *Id.* at 343.

25   California courts have frequently used the terms *res judicata* and collateral estoppel to signify

26                                                 13

1    claim preclusion and issue preclusion, respectively. *See Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th

2    888, 896 (2002); *see also DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015) (noting confusion

3    because of imprecise usage of terms *res judicata* and collateral estoppel, and electing to use claim

4    preclusion and issue preclusion in the future). Claim preclusion, which is typically what is meant by *res*

5    *judicata*, "prevents relitigation of the same cause of action in a second suit between the same parties or

6    parties in privity with them." *Id.*; *see also Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797

7    (2010) (noting the primary aspect of *res judicata* is to bar subsequent litigation on causes of action

8    decided in previous litigation). Since claim preclusion attaches here, and requires dismissal with

9    prejudice, the Court need not consider issue preclusion.

10        Because the Court also concludes that Plaintiff's TILA claim in the first cause of action is barred

11   by the statute of limitations, *see infra*, at 17-19, the Court need not address whether it is also barred by

12   claim preclusion under California law.[2]

13                        a.        **The Claims Are Identical**

14        "Unlike the federal courts, which apply a 'transactional nucleus of facts' test, California courts

15   employ the 'primary rights' theory to determine what constitutes the same cause of action for claim

16   preclusion purposes." *Brodheim v. Cry*, 584 F.3d 1262 (9th Cir. 2009) (internal citations and quotation

17   marks omitted). "Under this theory, 'a cause of action is (1) a primary right possessed by the plaintiff,

18   (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant

19   which consists in a breach of such primary right and duty.'" *Id.* (internal citations and quotation marks

20   omitted). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant,

21   then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of

22   _____

23   [2] The Federal Court Action, which included TILA claims identical to those brought by Plaintiff in the Instant Action, was
     dismissed with prejudice and final judgment issued. *Silas I*, 2017 WL 2214937, at *6. However, because the TILA claims

24   were dismissed as time-barred, rather than for failure to state a claim, it is not clear whether their dismissal constitutes a final
     judgment "on the merits" under California law. *Compare Santos v. Todd Pac. Shipyards Corp.*, 585 F. Supp. 482, 484-86
     (C.D. Cal. 1984) (concluding that a judgment based on the statute of limitations is a judgment on the merits under California

25   law) *with Koch v. Rodlin Ents.*, 223 Cal. App. 3d 1591, 1597 (1990) (concluding that dismissal on statute of limitations
     grounds did not preclude subsequent suit because statute of limitations is *"a procedural but not absolute defense"*).

26                                            14

1   recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id.* (internal

2   citations and quotation marks omitted).

3       In both the Initial State Court Action and the Federal Court Action, Plaintiff brought claims for

4   quiet title, cancellation of instruments, and other related claims. All of these claims relate to Plaintiff's

5   allegation that, although the Deed of Trust had been transferred to US Bank, there had been no

6   corresponding assignment of the promissory note, rendering the deed of trust void. (ECF No. 1 at 6.) As

7   the district court held in the Federal Court Action when it dismissed Plaintiff's non-TILA claims as

8   barred by claim preclusion, "the right not to have a debt be sought for collection by one with no lawful

9   interest in it—is the same, as is the primary alleged duty of the defendant to not seek to collect a debt in

10  which it has no lawful interest." *Silas I*, 2017 WL 2214937, at *4. Here, Plaintiff again brings suit under

11  an identical primary right. Plaintiff alleges that he has the right not to have his debt collected on by a

12  party with no lawful interest in it, and that Defendants have a duty not to collect on this debt. He also

13  alleges an identical injury stemming from the allegedly wrongful foreclosure proceedings against him.

14      The Instant Action incorporates claims that were raised in the State Court Action and held to be

15  barred by claim preclusion in the Federal Court Action. In other words, all of the claims raised in the

16  Instant Action are identical to the claims brought in one or both of the prior actions.

17              **b.    The Prior Proceedings Resulted in Judgements on the Merits**

18      In order to be claim preclusive, a prior decision must have been on the merits. *Boeken*, 48 Cal.

19  4th at 797 (2010) ("[A] dismissal with prejudice is the equivalent of a final judgment on the merits,

20  barring the entire cause of action."). "Whether a judgment based on the sustaining of a general demurrer

21  is a judgment on the merits depends upon the facts of the specific case and the reason for the ruling."

22  *Kanarek v. Bugliosi*, 108 Cal. App. 3d 327, 334 (1980). Generally, a judgment entered after sustaining a

23  general demurrer is a judgment on the merits. *Palomar Mobilehome Park Ass'n v. City of San Marcos*,

24  989 F.2d 362, 364 (1993) ("[A] judgment entered after the sustaining of a general demurrer is a

25  judgment on the merits . . . [and] it will bar a second action on the same facts."); *see also Boeken*, 48

26

1   Cal. 4th at 793 ("The record before us does not indicate the reason for the dismissal; for purposes of

2   applying the doctrine of *res judicata*, however, a dismissal with prejudice is the equivalent of a final

3   judgment on the merits, barring the entire cause of action.").

4         Plaintiff's Initial State Court Action was dismissed without leave to amend by the state court on

5   a general demurrer. (RJN Ex. 8.) Although, the orders do not explain the court's reasons for sustaining

6   the general demurrer, the Court takes judicial notice of Intervenor Defendant's demurrer filed in the

7   State Court Action. (RJN Ex. 6.) In the demurrer, US Bank argues that Plaintiff's complaint failed to

8   state a cognizable legal claim, did not allege sufficient facts to state a claim, and that plaintiff lacked

9   standing to assert a claim. (*Id.*) The Court therefore concludes that the court sustained the general

10   demurrer on these substantive grounds. *See also Silas I*, 2017 WL 2214937, at *5 ("Because all of the

11   grounds for demurrer raised by defendants in the state court case are substantive and address the merits

12   of the allegations, the court can only conclude the Kern County Superior Court sustained the demurrer

13   with prejudice on those grounds."). Under California law, sustaining a general demurrer and dismissing

14   a case with prejudice constitutes a judgment on the merits. *See, e.g.*, *Mohsenzadeh v. JPMorgan Chase

15   Bank, N.A.*, No. 14CV2340 BTM–DHB, 2015 WL 1346130, at *5 (S.D. Cal. 2015) ("A general

16   demurrer has been held to be a judgment on the merits for purposes of *res judicata* and collateral

17   estoppel in California state and federal courts."); *Moore v. Navarro*, No. C 00–03213 MMC, 77, 2004

18   WL 783104, at *6 (N.D. Cal. 2004) ("[T]he judgment sustaining the demurrer to [plaintiff's] state court

19   action was a judgment on the merits"); *McKinney v. County of Santa Clara*, 110 Cal. App. 3d 787, 794

20   (1980) ("a general demurrer will have the effect of a bar in a new action in which the complaint states

21   the same facts which were held not to constitute a cause of action on the former demurrer or,

22   notwithstanding differences in the facts alleged, when the ground on which the demurrer in the former

23   action was sustained is equally applicable to the second one"). Because the claims for quiet title

24   cancellation of instruments in the Initial State Court Action resulted in judgment on the merits, the

25   second prong of the claim preclusion analysis is satisfied as to the second, third, and fourth causes of

26

1    action in the FAC.

2             c.        **The Parties Are Identical**

3        Claim preclusion requires that the two suits involved be "between the same parties or parties in

4    privity with them." *DKN Holdings LLC*, 61 Cal. 4th at 824 (quoting *Mycogen*, 28 Cal. 4th at 896). Both

5    Plaintiff and Intervenor Defendant US Bank were parties to the Initial State Court Action and the

6    Federal Court Action. Plaintiff argues that the privity requirement is not met because US Bank was not a

7    party to the original contract. (ECF No. 8 at 8.) Plaintiff's argument is irrelevant. As the court in the

8    Federal Court Action noted with respect to this argument, "[t]he type of privity that must be established

9    here is privity between the litigants in the two actions at issue. Privity of contract is irrelevant to

10   resolution of this issue." *Silas I*, 2017 WL 2214937, at *7 n.4. Insofar as Plaintiff is arguing that US

11   Bank is not a party to the Instant Action, as the Court already addressed, US Bank properly intervened in

12   this action as a party with an "interest relating to the property or transaction which is the subject of the

13   action." Cal. Code Civ. Proc. § 387(b). Intervenor Defendant is entitled to preclude claims that have

14   already been litigated to final determination in its favor. *Supra*, at 7.

15       Because the claims are identical to those already litigated to final judgement between the same

16   parties, Intervenor Defendant has demonstrated that claim preclusion applies to Plaintiff's claims for

17   quiet title, cancellation of instruments, and declaratory relief. The second, third, and fourth causes of

18   action in the FAC are therefore DISMISSED WITHOUT LEAVE TO AMEND.

19           **2.        Plaintiff's Claim under TILA is Time-Barred**

20       In his first cause of action, Plaintiff seeks rescission of his mortgage under TILA, alleging that he

21   sent US Bank a notice to rescind on July 6, 2015. (ECF No. 1 at 23.) Intervenor Defendant argues that

22   this claim is barred by the statute of limitations. Plaintiff counters that his claim is subject to equitable

23   tolling.

24       As the Supreme Court explained:

25       [TILA] grants borrowers an unconditional right to rescind for three days, after which they

26

1   may rescind only if the lender failed to satisfy the Act's disclosure requirements. But this
    conditional right to rescind does not last forever. Even if a lender *never* makes the
2   required disclosures, the "right of rescission shall expire three years after the date of
    consummation of the transaction or upon the sale of the property, whichever comes first."
3   § 1635(f).

4   *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015). In other words, not only does

5   the remedy under TILA expire, so does Plaintiff's right to bring suit under TILA. Therefore, "the right

6   of rescission under . . . TILA is more correctly characterized as a statute of repose, which is not

7   susceptible to equitable tolling." *Silas I*, 2017 WL 2214937, at *6 (citing *McOmie–Gray v. Bank of Am.*

8   *Home Loans*, 667 F.3d 1325, 1329-30 (9th Cir. 2012) (concluding "§ 1635(f) is a statute of repose that

9   represents an absolute three-year bar on rescission actions")); *California Pub. Employees' Ret. Sys. v.*

10  *ANZ Sec., Inc.*, 137 S. Ct. 2042, 2052 (2017) ("the object of a statute of repose, to grant complete peace

11  to defendants, supersedes the application of a tolling rule based in equity").

12          Plaintiff argues that his loan was never properly consummated because the loan documents did

13  not identify the actual lender. Plaintiff argues that although Argent was identified as the lender, because

14  the actual source of funds for his loan was a different third-party lender that was never identified, the

15  contract could not be consummated. Therefore, the time limit never began to run and equitable tolling

16  should apply. (ECF No. 8 at 10-14.) "Consummation means the time that a consumer becomes

17  contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). Under TILA, "the date of

18  consummation is governed by state law." *In re Ramsey*, 176 B.R. 183, 187 (B.A.P. 9th Cir. 1994).

19  Under California law, a contract is formed "when (1) parties capable of contracting (2) consent (3) to a

20  lawful object (4) for sufficient consideration." *Id.* (citing Cal. Civ. Code § 1550). The use of a third

21  party lender to fund a loan does not preclude the consummation of a valid contract between the named

22  lender and the borrower. *See Sotanski v. HSBC Bank USA, Nat'l Ass'n*, No. 15-CV-01489-LHK, 2015

23  WL 4760506, at *6 (N.D. Cal. Aug. 12, 2015) (collecting cases and concluding that a lender's use of a

24  third party lender does not preclude contract formation), *aff'd sub nom. Sotanski v. HSBC Bank USA,*

25  *NA*, 671 F. App'x 999 (9th Cir. 2016).

26                                                      18

1    The loan in question was executed by Plaintiff on August 8, 2006, and the loan documents

2    plainly identify the lender, regardless of how and by whom the lender was ultimately funded. (FAC Ex.

3    A); *see also Sotanski*, 2015 WL 4760506, at *6. The right to rescind the loan transaction expired three

4    years after the loan documents were executed, and that expiration date is not subject to equitable

5    tolling. 15 U.S.C. § 1635(f); *Jesinoski*, 135 S. Ct. at 792; *McOmie–Gray*, 667 F.3d at 1329-30. More

6    than a decade has elapsed since the execution of Plaintiff's loan documents; Plaintiff's claim is over

7    eight years too late. Accordingly, the first cause of action for rescission under TILA is time-barred and

8    must be DISMISSED WITHOUT LEAVE TO AMEND pursuant to Rule 12(b)(1).

9    Because the Court dismisses all causes of action in the FAC without leave to amend, the Court

10   need not address Intervenor Defendant's other arguments in favor of dismissal.

11   ## VI. <u>MOTION TO EXPUNGE LIS PENDENS</u>

12   **A.    <u>Plaintiff Does Not Have A Real Property Claim to Support Lis Pendens</u>**

13   Federal courts look to state law when deciding matters involving lis pendens. *See* 28 U.S.C. §

14   1964. Under California Code of Civil Procedure § 405.20, "[a] party to an action who asserts a real

15   property claim may record a notice of pendency of action [a lis pendens] in which that real property

16   claim is alleged." The party opposing the motion to expunge bears the burden of proving by a

17   preponderance of the evidence that the pleading on which the notice of lis pendens is based contains a

18   valid real property claim. *See* Cal. Code Civ. Proc. §§ 405.30, 405.31, 405.32. Accordingly, "[a] court

19   should expunge a lis pendens if it determines that 'the pleading on which the notice is based does not

20   contain a real property claim,' or if a real property claim 'as pled lacks evidentiary merit.'" *Rey v.*

21   *OneWest Bank, FSB*, No. 2:12–CV–2078–MCE–GGH, 2013 WL 1791910, at *5 (E.D. Cal. Apr. 26,

22   2013) (quoting *Park 1000 Inv. Group II v. Ryan*, 180 Cal. App. 4th 795, 808 (2009)). Under California

23   Code of Civil Procedure § 405.30 a motion to expunge a lis pendens may be filed "at any time" after the

24   lis pendens is recorded. Cal. Code Civ. Proc. § 405.30.

25   The Court must therefore determine whether "it is more likely than not that the claimant will

26

1  obtain a judgment against the defendant on the claim." Cal. Code Civ. Proc. § 405.3; *Maxwell v.*

2  *Deutsche Bank Nat'l Trust Co.*, No. 13–CV–3957–WHO (WHO), 2013 WL 6072109, at *1 (N.D. Cal.

3  Nov. 18, 2013). "[O]n a motion to expunge a lis pendens after judgment against the claimant and while

4  an appeal is pending, the trial court must grant the motion unless it finds it more likely than not that the

5  appellate court will reverse the judgment." *Amalgamated Bank v. Superior Court*, 149 Cal. App. 4th

6  1003, 1015 (2007).

7       The Court dismissed Plaintiff's FAC against US Bank in its entirety. Plaintiff's TILA claim is

8  barred by the statute of limitations and the remaining claims are barred by *res judicata*. Accordingly, the

9  pleading on which the lis pendens was based – the FAC – cannot provide a valid real property claim to

10  support the lis pendens. *See* Cal. Code Civ. Proc. §§ 405.31, 405.32; *Quinto v. JPMorgan Chase*

11  *Bank*, No. 5:11–CV–2920–LHK, 2012 WL 2792445, at *2 (N.D. Cal. July 9, 2012) ("As a result of the

12  Court's outright dismissal of Plaintiff's claims, Plaintiff is left without a real property claim and cannot

13  establish the probable validity of such a claim in this case."); *Cornell v. Select Portfolio Servicing,*

14  *Inc.*, No. CIV S–11–1462 KJM–EFB, 2011 WL 6097721, at *2 (E.D. Cal. Nov. 29, 2011) (dismissal of

15  plaintiff's claim for lack of jurisdiction left plaintiff without a real property claim and therefore

16  expungement of lis pendens was warranted). Accordingly, the Court GRANTS Intervenor Defendant's

17  motion to expunge lis pendens.

18  **B.**   **Defendant is Entitled to Reasonable Attorney's Fees**

19       Because the Court grants Defendants' motion to expunge, the Court must award Defendants

20  reasonable attorney's fees and costs associated with bringing the motion unless Plaintiffs "acted with

21  substantial justification or that other circumstances make the imposition of attorney's fees and costs

22  unjust." Cal. Code Civ. Proc. § 405.38. Plaintiffs bear the burden of proving they acted with substantial

23  justification. *See Am. Nat'l Red Cross v. United Way Calif. Capital Region*, No. CIV S–07–1236 WBS

24  DAD, 2007 WL 4522967, at *7 (E.D. Cal. Dec. 19, 2007). "California cases have defined a

25  'substantially justified' position to mean one which is justified to a degree that would satisfy a

26

1    reasonable person, or 'has a reasonable basis both in law and fact.'" *Wertin v. Franchise Tax Bd.*, 68

2    Cal. App. 4th 961, 977 (1998) (citations omitted).

3            Here, Plaintiff was not substantially justified in refusing to withdraw the lis pendens voluntarily

4    at the request of Intervenor Defendant's counsel. (Declaration of Ruby Chavez ("Chavez Decl.") Ex. A,

5    ECF No. 5-1.) Plaintiff has had judgments entered against him in both the Initial State Court Action and

6    the Federal Court Action related to his attempts to circumvent or rescind his mortgage loan on the

7    Subject Property. Plaintiff has had his proverbial day in court – twice – and has lost. There was no

8    substantial justification for failing to withdraw lis pendens under the circumstances. He is therefore

9    ORDERED to pay Intervenor Defendant for the attorney's fees and costs incurred in bringing this

10   motion in the amount of $1,540.00. (Chavez Decl. ¶ 3.)

11                              **VII. <u>CONCLUSION AND ORDER</u>**

12   For the reasons stated above:

13       1)   Plaintiff's Motion to Remand the case to state court (ECF No. 13) is DENIED;

14       2)   Defendant's Motion to Dismiss (ECF No. 4) is GRANTED WITHOUT LEAVE TO

15            AMEND;

16       3)   Defendant's Motion to Expunge Lis Pendens (ECF No. 5) is GRANTED;

17       4)   Defendant is ORDERED to pay Intervenor Defendant attorney's fees and costs in the amount

18            of $1,540.00.

19

20   IT IS SO ORDERED.

21   Dated:   **July 21, 2017**                      **/s/ Lawrence J. O'Neill**

22                                                   UNITED STATES CHIEF DISTRICT JUDGE

23

24

25

26
                                                21