| | |
|---|---|
| **RODRICK J. SILAS,** | 1:17-cv-00703-LJO-JLT |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(E)** |
| v. | |
| **ARGENT MORTGAGE COMPANY, LLC ITS SUCCESSORS AND/OR ASSIGNS; and DOES 1-25, Inclusive,** | |
| | (ECF No. 23) |
| **Defendants.** | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Now before the Court is *pro se* Plaintiff Rodrick Silas' ("Plaintiff" or "Silas") motion to amend or alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure filed on August 21, 2017. (ECF No. 23.) The Court has reviewed the motion and does not believe an opposition is necessary. The hearing on the motion is VACATED pursuant to Local Rule 230(g).

Plaintiff's complaint in this action alleged violations of the Federal Truth in Lending Act ("TILA"), and brought causes of action for quiet title, cancellation of instrument, and declaratory relief related to real property at 5914 Summer Country Drive, Bakersfield, CA 93313 ("Subject Property"). On July 24, 2017, the Court denied Plaintiff's motion to remand the case to state court and granted Intervenor Defendant US Bank's motion to dismiss with prejudice. (ECF No. 18.) The Court also granted Intervenor Defendant's motion to expunge lis pendens and ordered Mr. Silas to pay Defendant's attorney's fees and costs in the amount of $1,540.00. (*Id.*) Plaintiff moves the Court to reconsider its

1

July 24, 2017 motion.

A motion which challenges the Court's final judgment (in this case, the dismissal without leave to amend) may be brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441-42 (9th Cir. 1991); *see also Eubank v. Terminix Int'l, Inc.*, No. 15CV00145-WQH (JMA), 2016 WL 6277422, at *3 (S.D. Cal. Oct. 27, 2016) ("when a district court dismisses certain claims with prejudice, the dismissal satisfies the finality requirement of Rule 60"). Under Rule 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id.*

Plaintiff filed a timely motion on August 21, 2017. In his motion, Plaintiff argues that the Court's order was manifestly unjust, reiterating the same arguments that he made in his remand motion and in his opposition to Defendant's motion to dismiss. He argues that US Bank is not a proper party in the case and that they have no interest in the Subject Property. (ECF No. 23 at 4-9.) He also restates his position that US Bank is a debt collector under the Fair Debt Collection Practices Act ("FDCPA"), and it was not entitled to collect on Plaintiff's debt. (*Id.* at 9-13.)

Plaintiff has failed to demonstrate that he is entitled to reconsideration pursuant to Rule 59(e). As the Court previously explained, Intervenor Defendant is a real party in interest in this case and not a debt

collector under the FDCPA:

> US Bank is not a debt collector within the meaning of the FDCPA. ECF No. 16 at 2. As the Supreme Court recently concluded in a case concerning an entity that purchased loans in default for its own account, "[i]ndividuals and entities who regularly purchase debts originated by someone else and then seek to collect those debts for their own account are not 'debt collectors' subject to the FDCPA." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017).
> . . .
> [A]s the purchaser of Plaintiff's mortgage debt, which is the subject of Plaintiff's Complaint, Intervenor Defendant is a real party in interest with standing to remove this case. The state court properly granted US Bank's motion to intervene because US Bank clearly has an "interest relating to the property or transaction which is the subject of the action." California Code of Civil Procedure § 387(b).

(ECF No. 18 at 8.)

Moreover, the Court was correct in granting dismissal because Plaintiff's non-TILA claims are barred by *res judicata* and his TILA claims are time-barred. (ECF No. 18.) Having carefully reviewed the entire file, the Court concludes that its prior order denying Plaintiff's motion to remand and granting Intervenor Defendant's motion to dismiss without leave to amend is supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to alter or amend judgment under Rule 59(e) (ECF No. 23) is DENIED.

IT IS SO ORDERED.

    Dated: **August 28, 2017**          /s/ Lawrence J. O'Neill
                                                UNITED STATES CHIEF DISTRICT JUDGE