# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RODRICK J. SILAS,** | 1:17-cv-00703-LJO-JLT |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| **ARGENT MORTGAGE COMPANY, LLC ITS SUCCESSORS AND/OR ASSIGNS; and DOES 1-25, Inclusive,** | (ECF Nos. 27, 29) |
| **Defendants.** | |

## I. INTRODUCTION

*Pro se* Plaintiff Rodrick Silas ("Plaintiff" or "Silas") brings this action against Defendant Argent Mortgage Company, LLC, Its Successors And/Or Assigns ("Argent") and Does 1 through 50. Plaintiff alleges violations of the Federal Truth in Lending Act ("TILA"), and brings causes of action for quiet title, cancellation of instrument, and declaratory relief related to real property located at 5914 Summer Country Drive, Bakersfield, CA 93313 ("Subject Property").

This action stems from Plaintiff's unsuccessful attempts to halt foreclosure on the Subject Property. Now before the Court is Defendant Argent's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 29.) Venue is proper in this Court and this matter is suitable for disposition without oral argument. *See* Local Rule 230(g).

1

## II. BACKGROUND

### 1. Plaintiff's Loan

On August 8, 2006, Plaintiff executed a promissory note, in favor of Argent Mortgage, secured by the Subject Property through a Deed of Trust recorded on August 16, 2006. (FAC Ex. A.) On August 14, 2012, an Assignment of Deed of Trust was recorded indicating that Argent assigned all beneficial interest under the Deed of Trust to US Bank. (FAC Ex. B.) A Notice of Default and Election to Sell Under Deed of Trust was recorded the same day, as Plaintiff was $55,987.58 in arrears at the time. (ECF No. 18 at 2.) On December 7, 2012, National Default Servicing Corporation was substituted in as Trustee. (*Id.*) On December 21, 2012, a Notice of Trustee's Sale was recorded. (*Id.*)

### 2. Initial State Court Action and Rescission

On April 1, 2014, Plaintiff filed a complaint for quiet title and wrongful foreclosure against US Bank in Kern County Superior Court ("Initial State Court Action"). (ECF No. 30, Request for Judicial Notice ("RJN") Ex. 4.)[1] In an amended complaint in the same action, Plaintiff alleged that US Bank had no ownership interest in Plaintiff's loan, that the Note and Deed of Trust had been separated, that the security instrument was not assigned to the Trust or pool prior to its closing date, and that the substitution of trustee was invalid under Civil Code § 2934(a)(1)(A). (RJN Ex. 2.) Plaintiff requested quiet title, cancellation of the recorded Assignment of Deed of Trust, and a judicial declaration that title was vested in Plaintiff. (*Id.*)

On February 25, 2015, US Bank filed a demurrer on the grounds that the amended complaint failed to state a claim for relief, arguing that the assignment was valid under state law and that the loan had been properly transferred to US Bank. (RJN Ex. 3.) The state court sustained US Bank's demurrer without leave to amend and entered judgment of dismissal with prejudice in favor of US Bank in April of 2015. (RJN Exs. 4-5.)

---

[1] For the Court's discussion of Defendant's request for judicial notice, *see infra*, at 4-6.

On July 6, 2015, Plaintiff allegedly mailed a Notice of Rescission to the loan servicer, Select Portfolio Servicing, Inc. ("SPS"). (ECF No. 1 at 21.)

### 3. Initiation of the Instant Action

Plaintiff filed a complaint in the instant action on October 9, 2015, in the Kern County Superior Court against Argent, the original lender, regarding the Subject Property ("Instant Action"). (ECF No. 1 at 5 (Docket).) Plaintiff's January 7, 2016 amended complaint alleged violations of TILA, and requested quiet title, cancellation of instruments, and declaratory relief. (First Amended Complaint ("FAC").) Plaintiff filed a Notice of Pendency of Action related to the Instant Action on March 18, 2016. (RJN Ex. 6.)

### 4. Federal Court Action and Foreclosure Sale

A Notice of Trustee's Sale was recorded on December 16, 2016, setting a sale date of January 11, 2017. (RJN Ex. 7.) On January 4, 2017, Plaintiff filed a complaint in this district against SPS and US Bank ("Federal Court Action"). (RJN Ex. 8.) The case was assigned to Judge Drodz, who denied Plaintiff's motion for a temporary restraining order halting the foreclosure sale. (RJN Ex. 9.) A foreclosure sale occurred on January 11, 2017, and the Subject Property reverted to the US Bank as evidenced by a recorded Trustee's Deed Upon Sale. (RJN Ex. 10.)

In its amended complaint in the Federal Court Action, Plaintiff alleged violations of TILA, rescission of mortgage under TILA, declaratory relief, quiet title, and cancellation of instruments. (RJN Ex. 11.) On March 7, 2017, SPS and US Bank filed a motion to dismiss the Federal Court Action (RJN Ex. 12.) On May 19, 2017, the court filed an order granting the motion to dismiss, concluding that the majority of Plaintiff's claims were barred by *res judicata*, based on the outcome of the Initial State Court Action, and that Plaintiff's TILA claims were time-barred. (RJN Ex. 13.); *Silas v. Select Portfolio Servicing, Inc.*, No. 1:17-CV-00012-DAD-JLT, 2017 WL 2214937, at *4 (E.D. Cal. May 19, 2017) ("*Silas I*"). In its decision, the court held that Plaintiff's non-TILA claims were barred by claim preclusion because the claims related to the same primary right previously litigated to final judgment in

the Initial State Court Action. *Id* at *4-5. With respect to Plaintiff's TILA claims, the Court held that they were time-barred since rescission was only available for three years after consummation of the loan agreement and the time limit was not subject to equitable tolling. *Id.* at 5-6. A judgment of dismissal was entered the same day. (RJN Ex. 14.)

### 5. US Bank's Intervention in, and Removal of, the Instant Action

While the motion to dismiss the Federal Court Action was pending, US Bank moved to intervene in the Instant Action on March 29, 2016. (ECF No. 1 at 178.) The motion to intervene was granted by the state court on May 12, 2017. (ECF No. 1 at 2.) On May 18, 2017, one day after the district court dismissed the Federal Court Action, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1441 and the case was removed to this Court. (ECF No. 1.)

On July 24, 2017, the Court denied Plaintiff's motion for remand, and denied US Bank's motion for remand, granted Intervenor Defendant US Bank's motion to dismiss the complaint, its motion to expunge *lis pendens*, and ordered payment of US Bank's attorney's fees and costs in the amount of $1,540.00. (ECF No. 18 ("July 24 Order").) In the July 24 Order, the Court concluded that Plaintiff's claims for quiet title, cancellation of instruments and declaratory relief were barred by claim preclusion and the TILA claim was time-barred. (*Id.*) Plaintiff's subsequent motion to alter or amend judgment was also denied by the Court. (ECF No. 24.)

On October 3, 2017, Defendant Argent filed a motion for judgment on the pleadings, based largely on the same arguments raised in Intervenor Defendant US Bank's motion to dismiss. (ECF No. 29.) Plaintiff opposed the motion (ECF No. 32.) Defendant filed a reply. (ECF No. 34.) The motion is now ripe for review.

### III. REQUEST FOR JUDICIAL NOTICE

In connection with its motion for judgment on the pleadings, Defendant asks the Court to take judicial notice of various recorded documents related to the Subject Property, including the Notice of Trustee's Sale, and Notice of Pendency of Action on the Subject Property, as well as a number of court

4

filings in Initial State Court Action, Federal Court Action, and Instant Action. (ECF No. 30.) Plaintiff opposes the request. (ECF No. 33.)

Under Federal Rule of Evidence 201, the court may take judicial notice of "a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In addition, the Court also may take judicial notice of material incorporated by reference into the complaint without converting the motion to dismiss into a motion for summary judgment. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Documents are incorporated into the complaint by reference "in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement*, 593 F.3d at 1038; *see also United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

The recorded documents related to the Subject Property are copies of official public records filed with the Kern County Recorder's Office. (ECF No. 30 at 2.) These documents are part of the public record and easily verifiable. *Castillo-Villagra v. INS*, 972 F.2d 1017, 1026 (9th Cir. 1992). Courts regularly consider recorded documents related to a foreclosure sale on a motion to dismiss. *See, e.g.*, *Gamboa v. Trustee Corps & Cent Mtg. Loan Serv. Co.*, No 09-0007, 2009 WL 656285, at *2-3 (N.D. Cal. Mar. 12, 2009); *Dodd v. Fed. Home Loan Mortg. Corp.*, No. CIV S-11-1603 JAM, 2011 WL 6370032, at *1 (E.D. Cal. Dec. 19, 2011); *Lazo v. Summit Mgmt. Co., LLC*, No. 1:13-CV-02015-AWI-JL, 2014 WL 3362289, at *5 (E.D. Cal. July 9, 2014), *report and recommendation adopted*, No. 1:13-CV-02015-AWI-JL, 2014 WL 3689695 (E.D. Cal. July 24, 2014).

Plaintiff argues that this Court cannot consider the Deed of Trust and Assignment of Deed of Trust, disputing their validity and arguing that they cannot be considered in the context of Argent's motion. (ECF No. 33 at 4.) Those documents are attached to Plaintiff's own FAC as Exhibits A and B, and therefore the Court may consider them. *Coto Settlement*, 593 F.3d at 1038. The Court takes judicial

notice of these recorded documents.

With respect to the court records involving the same parties in state and federal court, it is wholly appropriate for the court to consider these filings for the purpose of determining whether Plaintiff's claims are barred by *res judicata*. A court may take judicial notice of its own files and of documents filed in other courts for that purpose. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings to determine what issues were actually litigated in prior action for purposes of issue preclusion); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of state court decision and related filed briefs for purposes of determining prior judgment's preclusive effect); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); *Hott v. City of San Jose*, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases). "[C]ourts routinely take judicial notice of documents filed in other courts . . . to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (citations omitted). "The existence and content of opinions and pleadings are matters capable of accurate and ready determination by resort to official court files that cannot reasonably be questioned." *Bogart v. Daley*, No. CV 00-101-BR, 2001 WL 34045761, at *2 (D. Or. June 28, 2001) (citing Fed. R. Evid. 201(b)(2)).

Here, Defendant's motion hinges on whether Plaintiff's claims have already been litigated. The Court must consider the court filings in the previous actions involving these parties to determine whether Plaintiff's claims in the Instant Action are barred by *res judicata*. In his opposition, Plaintiff expresses concern that the court records proposed for judicial notice contain disputed statements and inadmissible hearsay. (ECF No. 33.) However, the Court takes judicial notice of these documents for the purpose of ascertaining whether the claims asserted here are precluded. The Court does not rely on these documents for the truth of disputed factual matters. *Holder*, 305 F.3d at 866. Therefore, the Court takes

judicial notice of the exhibits to Defendant's request. (ECF No. 28.)

## IV. <u>STANDARD OF DECISION</u>

Federal Rule of Civil Procedure 12(c) permits a party to seek judgment on the pleadings "[a]fter the pleadings are closed-but early enough not to delay trial." "A motion for judgment on the pleadings should be granted where it appears the moving party is entitled to judgment as a matter of law." *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003). A "judgment on the pleadings is appropriate when, even if all allegations in the complaint are true, the moving party is entitled to judgment as a matter of law." *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). "A judgment on the pleadings is a decision on the merits." *3550 Stevens Creek Assocs. v. Barclays Bank of Cal.*, 915 F.2d 1355, 1356 (9th Cir. 1990). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam). "[T]he central issue is whether, in light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). "[A]ll allegations of fact of the opposing party are accepted as true." *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967). Thus, a motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to a motion to dismiss under Rule 12(b)(6). *Dworkin v. Hustler Magazine*, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Although Rule 12(c) does not mention leave to amend, courts have discretion to grant a Rule 12(c) motion with leave to amend. *See Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

## V. <u>DISUCUSSION</u>

Defendant moves for judgment on the pleadings as to all of the claims in Plaintiff's FAC, arguing that Plaintiff's claims are barred by *res judicata*, and that his TILA claim is time-barred.

**A.** **<u>Plaintiff's Causes of Action for Quiet Title, Cancellation of Instruments, and Declaratory Relief Are Barred by Claim Preclusion</u>**

7

Defendant argues that Plaintiff's claims are barred by *res judicata*, or claim preclusion, and collateral estoppel, or issue preclusion. (ECF No. 29.) Plaintiff counters that the claims are not barred because the causes of action and the parties are different from the prior lawsuits. (ECF No. 32.)

The state court's judgment in the Initial State Court Action is entitled to "full faith and credit," *see* 28 U.S.C. § 1728, which requires this Court to give it the same preclusive effect it would have in another California state court. The Court applies California law to determine whether that judgment precludes Plaintiff's claims. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *Diruzza v. Cnty. of Tehama*, 323 F.3d 1147, 1152 (9th Cir. 2003).

*Res judicata* "precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction." *Rice v. Crow*, 81 Cal. App. 4th 725, 734 (2000). Under California law, *res judicata* applies where the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1065 (1998). The elements necessary to establish *res judicata* therefore are: "(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." *Villacres v. ABM Indus., Inc.*, 189 Cal. App. 4th 562, 577 (2010).

Under California law, collateral estoppel, otherwise known as issue preclusion, provides "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *People v. Santamaria*, 8 Cal. 4th 903, 930 (1994). As the California Supreme Court has explained, five factors must be satisfied for collateral estoppel to apply:

> First, the issue sought to be precluded from relitigation must be identical to that decided

8

> in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990) (citations omitted). Further,

> the public policies underlying collateral estoppel—preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation—strongly influence whether its application in a particular circumstance would be fair to the parties and constitute sound judicial policy.

*Id.* at 343.

California courts have frequently used the terms *res judicata* and collateral estoppel to signify claim preclusion and issue preclusion, respectively. *See Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002); *see also DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015) (noting confusion because of imprecise usage of terms *res judicata* and collateral estoppel, and electing to use claim preclusion and issue preclusion in the future). Claim preclusion, which is typically what is meant by *res judicata*, "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Id.*; *see also Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010) (noting the primary aspect of *res judicata* is to bar subsequent litigation on causes of action decided in previous litigation). Since claim preclusion attaches here, and requires dismissal with prejudice, the Court need not consider issue preclusion.

Because the Court also concludes that Plaintiff's TILA claim in the first cause of action is barred by the statute of limitations, *see infra*, at 13-15, the Court need not address whether it is also barred by claim preclusion under California law.[2]

---

[2] The Federal Court Action, which included TILA claims identical to those brought by Plaintiff in the Instant Action, was dismissed with prejudice and final judgment issued. *Silas I*, 2017 WL 2214937, at *6. However, because the TILA claims were dismissed as time-barred, rather than for failure to state a claim, it is not clear whether their dismissal constitutes a final judgment "on the merits" under California law. *Compare Santos v. Todd Pac. Shipyards Corp.*, 585 F. Supp. 482, 484-86 (C.D. Cal. 1984) (concluding that a judgment based on the statute of limitations is a judgment on the merits under California law) *with Koch v. Rodlin Ents.*, 223 Cal. App. 3d 1591, 1597 (1990) (concluding that dismissal on statute of limitations

9

### a. **The Claims Are Identical**

"Unlike the federal courts, which apply a 'transactional nucleus of facts' test, California courts employ the 'primary rights' theory to determine what constitutes the same cause of action for claim preclusion purposes." *Brodheim v. Cry*, 584 F.3d 1262 (9th Cir. 2009) (internal citations and quotation marks omitted). "Under this theory, 'a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty.'" *Id.* (internal citations and quotation marks omitted). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id.* (internal citations and quotation marks omitted).

In both the Initial State Court Action and the Federal Court Action, Plaintiff brought claims for quiet title, cancellation of instruments, and other related claims. All of these claims relate to Plaintiff's allegation that, although the Deed of Trust had been transferred from Argent to US Bank, there had been no corresponding assignment of the promissory note, rendering the deed of trust void. (ECF No. 1 at 6.) As the district court held in the Federal Court Action when it dismissed Plaintiff's non-TILA claims as barred by claim preclusion, "the right not to have a debt be sought for collection by one with no lawful interest in it—is the same, as is the primary alleged duty of the defendant to not seek to collect a debt in which it has no lawful interest." *Silas I*, 2017 WL 2214937, at *4. Here, Plaintiff again brings suit under an identical primary right. Plaintiff alleges that he has the right not to have his debt collected on by a party with no lawful interest in it, and that Defendant Argent has a duty not to collect on this debt. He also alleges an identical injury stemming from the allegedly wrongful foreclosure proceedings against him.

---

grounds did not preclude subsequent suit because statute of limitations is *"a procedural but not absolute defense"*).

10

The Instant Action incorporates claims that were raised in the State Court Action and held to be barred by claim preclusion in the Federal Court Action. In other words, all of the claims raised in the Instant Action are identical to the claims brought in one or both of the prior actions.

### b. The Prior Proceedings Resulted in Judgements on the Merits

In order to be claim preclusive, a prior decision must have been on the merits. *Boeken*, 48 Cal. 4th at 797 (2010) ("[A] dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action."). "Whether a judgment based on the sustaining of a general demurrer is a judgment on the merits depends upon the facts of the specific case and the reason for the ruling." *Kanarek v. Bugliosi*, 108 Cal. App. 3d 327, 334 (1980). Generally, a judgment entered after sustaining a general demurrer is a judgment on the merits. *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (1993) ("[A] judgment entered after the sustaining of a general demurrer is a judgment on the merits . . . [and] it will bar a second action on the same facts."); *see also Boeken*, 48 Cal. 4th at 793 ("The record before us does not indicate the reason for the dismissal; for purposes of applying the doctrine of *res judicata*, however, a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action.").

Plaintiff's Initial State Court Action was dismissed without leave to amend by the state court on a general demurrer. (RJN Exs. 4-5.) Although, the orders do not explain the court's reasons for sustaining the general demurrer, the Court takes judicial notice of Intervenor Defendant's demurrer filed in the State Court Action. (RJN Ex. 3.) In the demurrer, US Bank argues that Plaintiff's complaint failed to state a cognizable legal claim, did not allege sufficient facts to state a claim, and that plaintiff lacked standing to assert a claim. (*Id.*) The Court therefore concludes that the court sustained the general demurrer on these substantive grounds. *See also Silas I*, 2017 WL 2214937, at *5 ("Because all of the grounds for demurrer raised by defendants in the state court case are substantive and address the merits of the allegations, the court can only conclude the Kern County Superior Court sustained the demurrer with prejudice on those grounds."). Under California law, sustaining a general demurrer and dismissing

a case with prejudice constitutes a judgment on the merits. *See, e.g.*, *Mohsenzadeh v. JPMorgan Chase Bank, N.A.*, No. 14CV2340 BTM–DHB, 2015 WL 1346130, at *5 (S.D. Cal. 2015) ("A general demurrer has been held to be a judgment on the merits for purposes of *res judicata* and collateral estoppel in California state and federal courts."); *Moore v. Navarro*, No. C 00–03213 MMC, 77, 2004 WL 783104, at *6 (N.D. Cal. 2004) ("[T]he judgment sustaining the demurrer to [plaintiff's] state court action was a judgment on the merits"); *McKinney v. County of Santa Clara*, 110 Cal. App. 3d 787, 794 (1980) ("a general demurrer will have the effect of a bar in a new action in which the complaint states the same facts which were held not to constitute a cause of action on the former demurrer or, notwithstanding differences in the facts alleged, when the ground on which the demurrer in the former action was sustained is equally applicable to the second one"). Because the claims for quiet title cancellation of instruments in the Initial State Court Action resulted in judgment on the merits, the second prong of the claim preclusion analysis is satisfied as to the second, third, and fourth causes of action in the FAC.

        **c.**        **The Parties Are In Privity**

Claim preclusion requires that the two suits involved be "between the same parties or parties in privity with them." *DKN Holdings LLC*, 61 Cal. 4th at 824 (quoting *Mycogen*, 28 Cal. 4th at 896). Plaintiff argues that *res judicata* cannot attach because Defendant Argent was not a defendant to the previous actions and because the previous cases did not involve a TILA cause of action. (ECF No. 32 at 4.) Defendant Argent counters that *res judicata* attaches because it is in privity with the prior litigating party, US Bank, in that Argent assigned the loan at issue in this case to US Bank. "[N]onparty preclusion may be based on a pre-existing substantive legal relationship between the person to be bound and a party to the judgment, *e.g.,* assignee and assignor." *Taylor v. Sturgell*, 553 U.S. 880 (2008). "In the context of home foreclosures, courts have found that assignors and assignees of a mortgage are in privity with one another." *Cline v. CBSK*, No. SACV 13-1720-JLS JPR, 2015 WL 1005520, at *6 (C.D. Cal. Mar. 5, 2015) (concluding that bank assignee of note and mortgage was in privity with original lender

for purposes of lawsuit seeking to vacate foreclosure) (internal citations omitted).

Here, Argent, the original lender, assigned Plaintiff's loan on the Subject Property to US Bank. Therefore, Argent and US Bank are in privity for purposes of this lawsuit related to the loan on the Subject Property. Defendant is entitled to preclude claims that have already been litigated to final determination in favor of its assignee, US Bank.

Because the claims are identical to those already litigated to final judgement between parties in privity, Defendant has demonstrated that claim preclusion applies to Plaintiff's claims for quiet title, cancellation of instruments, and declaratory relief.

### 2. Plaintiff's Claim under TILA and Leave to Amend

In his first cause of action, Plaintiff seeks rescission of his mortgage under TILA, alleging that he sent US Bank a notice to rescind on July 6, 2015. (ECF No. 1 at 23.) Defendant Argent argues that this claim is barred by the statute of limitations. In his reply, Plaintiff appears to concede that his claim under TILA is not viable. (ECF No. 32 at 9 ("Plaintiff, upon further research, has no problem in acquiescing on his TILA claims against Defendant Argent.").)[3].

As the Court explained in the July 24 Order, Plaintiff's TILA claim is barred by the statute of repose, which is not susceptible to equitable tolling. (ECF No. 18 at 17-19.) Therefore, any amendment of that claim would be futile. *Deutsch v. Turner Corp.,* 324 F.3d 692, 718 n. 20 (9th Cir. 2003) (amendment is futile if the claim will be barred by the statute of limitations). Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's TILA claim; the first cause of action is DISMISSED WITHOUT LEAVE TO AMEND.

Plaintiff also requests leave to amend the FAC, arguing that "Defendant Argent never passed title to U.S. Bank as Trustee of the 2006-AQl Trust . . .[u]nder California law, Defendant Argent is still

---

[3] It is not clear to the Court whether Plaintiff seeks to amend his TILA claim in spite of this apparent concession, or only the other claims. In either case, his claim must be dismissed without leave to amend, as amendment of any of the claims raised in the FAC, or any claims stemming from the same primary right, would be futile.

the only creditor on record to Plaintiffs Deed of Trust." (*Id.* at 10.) As explained above, this argument has been litigated and rejected in the Initial State Action, the Federal Action, and the Instant Action, including in the Court's July 24 Order and the August 28, 2017 Order denying plaintiff's motion to alter or amend judgment. These claims simply fail as a matter of law, and are barred by *res judicata*, as the Court has now indicated to Plaintiff more than once. Because *res judicata* would bar relief in any amended pleading, amendment of the second, third, and fourth causes of action would also be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041-42 (9th Cir. 2011). Accordingly, the second, third, and fourth causes of action in the FAC are DISMISSED WITHOUT LEAVE TO AMEND.

## VI. CONCLUSION AND ORDER

For the reasons stated above,

1. Defendant Argent's Motion for Judgment on the Pleadings (ECF Nos. 27, 29) is GRANTED;
2. The case is DISMISSED WITH PREJUDICE;
3. The Clerk of Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated: **December 6, 2017**        **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE